UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CR-S-98-139-PMP |
| | ) | CR-S-98-473-PMP |
| v. | ) | |
| | ) | |
| WAYNE McMINIMENT, | ) | O R D E R |
| | ) | |
| Defendant. | ) | |

      Presently before the Court is Wayne Andre McMiniment's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody ("Mot. to Vacate") (Doc. #41), filed on March 10, 2006.  The Government filed Government's Opposition to Defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Opp'n") (Doc. #45) on May 18, 2006.  McMiniment filed a Reply (Doc. #49) on June 16, 2006.

      Following several stipulated continuances to enable counsel for Defendant McMiniment to explore the grounds for Habeas relief further, Defendant filed a supplement to his motion (Doc. #61) on February 2, 2007.  That supplement has been fully briefed and on March 1, 2007, the Court conducted a hearing regarding Defendant's motion.

## I.  FACTS

      On December 23, 1998, McMiniment appeared before this Court and entered a plea of guilty to two felony counts of wire fraud in 2:98-CR-00473, and one misdemeanor count of willful failure to pay child support in 2:98-CR-00139.  (Opp'n, Att. A at 4-5.)  On January 20, 2000, this Court sentenced McMiniment to fifty-months imprisonment,

followed by a three year term of supervised release.[1] (Mot. to Vacate, Ex. 3.) The Court ordered McMiniment to pay $2,041,637 in restitution for the wire fraud counts and $35,216 for the child support charges. (Opp'n, Att. A at 24.)

The charge of wilful failure to pay child support resulted from McMiniment's failure to continue to pay interest on a criminal judgment and conviction in the Superior Court of California for McMiniment's failure to meet his child support obligations.[2] (Id. at 13.) On March 25, 1991, the Superior Court of California adjudicated McMiniment guilty and convicted him of failure to provide (child support) after adjudication. (Pre-Sentence Investigation Report ¶ 53.) The California court terminated McMiniment's probation for the charge on July 24, 1996 when he paid the principal amount in full, however, he still owed interest on the principal. (Id.)

At the sentencing hearing, McMiniment's counsel objected to the Pre-Sentence Report's categorization of McMiniment's criminal history as a Category III, arguing the federal charge was based on McMiniment's failure to pay interest on the amount he owed in the California case and so the charges were for the same conduct:

MR. CREMEN: . . . the offense in California that is referenced in

---

[1] The sentence as to Count 1 of 2:98-CR-00473 was twenty-six months, and the sentence as to Count 2 was twenty-six months – consecutive to Count 1, for a total of fifty-two months imprisonment, followed by three years of supervised release for the two counts. For Count 1 of 2:98-CR-00139, the Court sentenced McMiniment to three years of supervised release to run concurrently with the three years of supervised release for 2:98-CR-00473.

[2] McMiniment pled to the following facts concerning child support count in the Plea Agreement:

WILLFUL FAILURE TO PAY CHILD SUPPORT
From on or about June 1994 to in or about April 1998, Wayne Andre McMiniment, who resided in Nevada while his minor child resided in another state, failed to pay a past due child support obligation as ordered by the Superior Court of California. This unpaid obligation has been overdue for more than one year and in an amount greater than $5,000.

1   paragraph 53 [of the Pre-Sentence Investigation Report], is, I think for
2   all practical purposes, identical to the offense that is contained in the
3   indictment that the Court referenced [the failure to pay child support
4   charge, 2:98-CR-00139] when we started this afternoon.
5          As one can see from a review of paragraph 53, the sums due
6   under the California order for support were evidently paid in full, and
7   the amount that he currently owes, and that is the subject of the
8   indictment before this Court, is the interest on the sum that had been
9   due previously.  So I don't think one can challenge the interrelatedness
10  of the offense that is the subject of the indictment and the offense and
11  conviction that is referenced in paragraph 53.
12                            . . .
13  [The failure to pay child support count, as a gross misdemeanor,] really
14  isn't subject to the sentencing guidelines.  But I would point out that it
15  is subject to the presentence report, it is subject to the disposition of
16  this Court, and it is something for which he is going to be  sentenced
17  today.  I do think it is a redundant charge that has resulted in an
18  enhancement of his criminal history.
19         This – this single California misdemeanor felony for which he
20  was on the most loosest of probations has resulted in 3 additional
21  criminal history points.  It results in the point in paragraph 53, and it
22  results in the 2 points in paragraph 55.  And one has to ask, he was on
23  probation in California at the time the offenses referenced in the
24  information were committed, and presumably at the time the
25  referenced – the crime referenced in the indictment was committed, but
26  one – if one looks at that one understands that the amount that was at

> issue in California was at some point in time paid in full. His failure to
> pay his support was paid in full and California was continuing to – to
> supervise him, continuing to demand something from him which was
> interest.
>
> Now, ordinarily interest is a civil concept. . . . I don't ordinarily
> see interest as being the subject of criminal prosecution, but that's
> what's happened here. And that failure to pay interest has resulted, in
> my opinion, in 3 additional criminal history points. And that . . .
> moves [McMiniment] from Criminal History II to III. And, perhaps,
> from II to III to I, because if he only had 1 criminal history point he
> would be a Category I criminal history defendant.

(Opp'n, Att. A at 8-10.) The Court agreed that the federal charge was "not predicated directly as part of the original failure to pay, but is a consequence of failure to pay interest based upon that earlier amount." (Id. at 13.) Nonetheless, the Court found that although "[t]here is a nexus undeniably between the two . . . that nexus [does not] merge[] the offenses to the point that [the federal charge] is not a distinct criminal offense." (Id. at 13-14.) Accordingly, the Court found it appropriate to apply "the 1 point at paragraph 53 under 4A.1©, and, . . . 2 points at paragraph 55 at 4A1.1(d) . . . and, therefore, the Criminal History Category is a Category III[.]" (Id. at 14.)

On May 24, 2005, McMiniment returned to California Superior Court to request modification of his child support obligations. (Mot. to Vacate, Ex. 1 at 4.) At the hearing on the modification, the California Superior Court stated:

> In [McMiniment's] declaration he said that he had been given
> conflicting information and conflicting accountings over the years.
> And if that's true, it makes it impossible to know the exact amount to
> pay. Therefore, the action of the County in providing the conflicting

4

        information, which is a Catch 22 that he can never pay the amount
        owed, at least it should estoppel the collection on any interest on the
        sum.

(Id. at 8-9.) The California Superior Court ordered that the county was estopped from collecting interest on the principal amount of the child support McMiniment owed, and that from May of 1988 to May 24, 2005, McMiniment owes zero arrears for child support. (Mot. to Vacate, Ex. 2 ¶ 23.)

        McMiniment now requests this Court to vacate his child support conviction, vacate the restitution order for the child support charge, and dismiss the child support charge. Additionally, McMiniment requests the Court to vacate the restitution order for the wire fraud charges and to hold a new hearing regarding the appropriate restitution for the wire fraud charges.

## II. DISCUSSION

        McMiniment first asserts that he is within the one-year period of limitations under § 2255 because the California Superior Court modification constitutes new facts that he could not have discovered previously through the exercise of due diligence. McMiniment argues that the Court should vacate the willful failure to pay child support charges because the California Superior Court has held that McMiniment did not owe interest on his child support arrearage and the federal charge in 2:98-CR-00139 was based on his failure to pay interest on the arrearage. McMiniment also argues that the Court improperly determined that his criminal history category for the sentence in the wire fraud case, 2:98-CR-00473, was a category III instead of a category I because the additional three criminal history points resulted from the child support convictions. Finally, McMiniment argues that he received ineffective assistance of counsel because (1) counsel did not investigate the California conviction and improperly advised him to plead guilty to a federal

offense that he did not commit; and (2) the Court's restitution order for the wire fraud charges was based on a new law passed after McMiniment committed the acts which led to his conviction to which counsel did not object.

The Government opposes the motion, arguing that the period of limitations bars McMiniment from bringing the motion to vacate and that the California modification does not constitute recently discovered facts that would support his claims. Additionally, the Government argues that McMiniment has not demonstrated that he received ineffective assistance of counsel.

**A. Period of Limitations**

McMiniment argues that his motion is not barred under 28 U.S.C. § 2255 because he did not discover the facts supporting his claim until May 24, 2005, and he filed his motion within one year of that date. The Government counters that McMiniment knew the facts contained in the California modification at the time of his sentencing as argued by his attorney and therefore the applicable period of limitations is one year from the date of his sentence. The Government also argues that McMiniment's ineffective assistance of counsel claim for the wire fraud charges, is unrelated to the California modification and therefore the period of limitation for that claim began to run on the date of sentencing.

Title 28 U.S.C. § 2255 provides:

A 1-year period of limitation shall apply to a motion under this section.

The limitation period shall run from the latest of –

    (1) the date on which the judgment of conviction

    becomes final;

    (2) the date on which the impediment to making a motion

    created by governmental action in violation of the

    Constitution or laws of the United States is removed, if

    the movant was prevented from making a motion by such

6

>    governmental action;
>
>    (3) the date on which the right asserted was initially
>    recognized by the Supreme Court, if that right has been
>    newly recognized by the Supreme Court and made
>    retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or
>    claims presented could have been discovered through the
>    exercise of due diligence.

A defendant must motion for relief under § 2255 within one year of final judgment or fall within one of the three exceptions.  Regarding second or successive motions, 28 U.S.C. § 2255 provides:

>    A second or successive motion must be certified as provided in section
>    2244 by a panel of the appropriate court of appeals to contain–
>
>    (1) newly discovered evidence that, if proven and viewed
>    in light of the evidence as a whole, would be sufficient to
>    establish by clear and convincing evidence that no
>    reasonable fact finder would have found the movant
>    guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to
>    cases on collateral review by the Supreme Court, that
>    was previously unavailable.

Therefore, § 2255 provides a mechanism for defendants who assert newly discovered evidence supports their claim to file a second or successive petition.

### 1. Wire Fraud Restitution

McMiniment is time-barred from bringing his ineffective assistance counsel of claim for the wire fraud restitution.  The judgment of conviction became final on January

20, 2000. McMiniment did not bring his wire fraud restitution claim until March 10, 2006, over six years after final judgment.  Although McMiniment argues that the period of limitation should run from the date of the California modification, the California modification is unrelated to restitution for the wire fraud charges and therefore does not support the claim.  Additionally, McMiniment cites no authority to support his argument that the Court should nonetheless allow him to bring the claim as bringing the claim earlier would have risked a successive motion.  Further, as outlined above, McMiniment could have brought his wire fraud restitution claim within the period of limitations and upon obtaining the California modification, he could have petitioned to file a second or successive motion.  Accordingly, McMiniment's claim for ineffective assistance of counsel as to his wire fraud charges falls outside the one year period of limitations and McMiniment is therefore barred from asserting the claim now.

      2.  Claims Relating to Failure to Pay Child Support

    McMiniment is not time barred from bringing his claims relating to the failure to pay child support.  Even though McMiniment asserted at the time of sentencing that he had paid the principal amount in the arrears in full, the documentation from the State of California stated he was $35,216.00 in arrears.  (Pre-Sentence Investigation Report ¶ 30.)  At the time of sentencing, McMiniment had no way of disputing the arrearage except through his own statements.  The California modification of McMiniment's child support obligations did not occur until May 24, 2005.  McMiniment filed his Motion to Vacate on March 10, 2006, within a year from the date McMiniment through the exercise of due diligence "discovered" facts that would support his claim, specifically, the Superior Court of California's modification order.  Thus, McMiniment's claims that the Court improperly assigned him a Category III criminal history, that he was factually innocent of the child support charges, that the Court should vacate the restitution for the child support charge, and that his counsel provided ineffective assistance when counsel advised him to plead

guilty to the child support charge fall within the one-year period of limitations and are not time-barred.

**B. Habeas Relief**

### 1. Conviction

a. Actual Innocence

McMiniment argues "clearly McMiniment's conviction for the child support count is subject to collateral attack as a result of the Superior Court in Orange County finding that the obligation which he was allegedly failing to pay was really not an obligation at all." (Mot. to Vacate at 5.) The Government counters that the Court should not vacate the child support conviction because McMiniment was aware of the facts and still chose to plead guilty. Furthermore, the Government argues that all the California court did was to estop the state from collecting further child support payments from McMiniment because "of an accounting failure or lack of proof." (Opp'n at 4.)[3]

Normally, "'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting Mabry v. Johnson, 467 U.S. 504, 508 (1984)). Nonetheless, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only of the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Id. at 622 (internal quotation omitted). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id. at 623 (quotations omitted).

There is nothing in the California court's modification order (Mot. to Vacate,

---

[3] This is the extent of the parties' arguments on actual innocence. McMiniment did not argue this point in a separate section or address it separately.

Ex. 2) or in the transcript for the modification hearing (Mot. to Vacate, Ex. 1) that demonstrates McMiniment was not in arrears on his child support payment and was factually innocent of the federal charge for failure to pay child support. The modification hearing did result in the California Court finding that, in May of 2005, McMiniment was in zero arrears and that the state was estopped from collecting further interest. However, there are indications in the transcript of the modification hearing that McMiniment was in arrears on his child support payments or at least failed to pay on the interest prior to May of 2005. For instance on May 11, 2005, McMiniment made a payment of $927.15. (Id. at 12.) McMiniment also made a payment of $1,126.70 in December of 2004. (Id. at 11.) The fact that McMiniment still was making payments on his child support in 2004 and 2005, implies that he still was in arrears on his child support payments. Additionally, McMiniment made a $6,008 child support payment in July of 1996, which was during the period contained in the federal charge. (Id. at 7.) Furthermore, the California Superior Court did not credit McMiniment with the amount of the payments or order the county to reimburse him for the payments. (Id. at 14.) This indicates that McMiniment did owe the money and that the California Superior Court's decision was based on "accounting failure or lack of proof." Accordingly, McMiniment has not demonstrated actual innocence.

        b. Ineffective Assistance of Counsel

McMiniment argues that his counsel was ineffective for failing to investigate the California child support case and for advising McMiniment to plead guilty to the federal failure to pay child support charge because had counsel investigated, he would have determined that "in all likelihood McMiniment was going to prevail on his claim that the amount California claimed he owed could not be proven." (Mot. to Vacate at 7.) McMiniment also argues that counsel told him to plead guilty because the misdemeanor case would have no effect on his sentence. The Government argues that counsel provided adequate representation given the seriousness of the charges McMiniment was facing,

counsel did discuss the California child support charges at sentencing, counsel negotiated for a two-level downward departure, and counsel argued for and obtained a ruling that the supervised release for the child support charge run concurrently with the supervised release for the wire fraud charges.

To constitute ineffective assistance, counsel's performance must fall "below an objective standard of reasonableness" and petitioner must demonstrate "'there is a reasonable probability that, but for counsel's unprofessional errors, [the petitioner] would have prevailed . . . .'" Cockett v. Ray, 333 F.3d 938, 944 (9th Cir. 2003) (quoting Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989)) (other citations omitted).

The record before the Court, however, does not support McMiniment's claim that his sentencing counsel's performance fell below an objective standard of reasonableness. Neither has McMiniment demonstrated that he would have prevailed but for errors on the part of sentencing counsel.

### 2. Sentence

McMiniment argues that the California modification demonstrates that he was current in his child support payments at the time of sentencing and that he would not have been on probation if Orange County had not been in error regarding the amount of money McMiniment owed in past due child support. McMiniment also argues that his prior conviction in California would have been vacated if Orange County had computed correctly his child support. As a result, McMiniment argues that this Court should remove the three additional criminal history points that were used to determine McMiniment's Criminal History Category for the wire fraud charges. The Government counters that the Court should not remove the three points from McMiniment's criminal history because the California conviction still stands and there is no question that McMiniment was on probation at the time of the sentence.

In United States v. Guthrie, the United States Court of Appeals held that "[w]hen

a state court vacates a defendant's prior state conviction, the sentence resulting from that conviction may not influence the defendant's criminal history score under the [Federal Sentencing] Guideline." United States v. Guthrie, 931 F.2d 564, 572 (9th Cir. 1991). (citing U.S.S.G. § 4A1.2, App. n.6 (1991)).  Furthermore, if the state court does not vacate the sentence until after the district court imposes sentence, the district court must revisit the sentence and subtract the additional criminal history points based on the state conviction. Id. 572-73.

McMiniment has not demonstrated that this Court erroneously imposed the three additional criminal history points.  As discussed above, there is nothing in the Modification Oder or the Reporter's Transcript that indicates McMiniment was not in arrears during the period from 1996 to 1998.  There is no evidence that McMiniment's California conviction has been vacated.  Nor is there evidence that McMiniment was not on probation during the period from 1996 to 1998. Rather the Reporter's Transcript of the modification hearing indicates McMiniment was on probation in 1996 at least.  (See Mot. to Vacate, Ex. 1 at 7.) Accordingly, the Court did not err when it used McMiniment's prior California conviction and probation to assign three additional criminal history points.

### 3.  Restitution

McMiniment argues because the California Modification Order found he was in zero arrears, this Court should vacate the sentence regarding restitution for the child support charge.  Additionally, McMiniment argues "given that McMiniment paid toward the restitution during the term of his supervised release, he is entitled to an accounting for the payments, including where the payments were sent and a determination as to whether or not the payments should be returned to him."  (Mot. to Vacate at 8.)  The Government does not respond specifically to this argument.

As discussed above, McMiniment's characterization of the California Modification Order as essentially finding that McMiniment was never in arrears in his child

support payments is inaccurate. The California Modification Order merely demonstrates that in May of 2005, McMiniment was no longer required to pay any money for child support. There is nothing in the Order or in the transcript that indicates McMiniment did not owe the money from 1996 to 1998.

Nevertheless, at the hearing conducted on March 1, 2007, it became apparent that McMiniment has continued to make restitution payments with regard to the failure to pay child support conviction and that the Clerk of Court currently holds the sum of $14,022.96 in its account for that purpose. As that sum is not properly obligated to child support, the Court concludes that those restitution monies held by the Clerk of Court should be allocated to Defendant's restitution obligation in the wire fraud case which carries an outstanding balance due of $2,024,105.86.

IT IS THEREFORE ORDERED that Defendant, Wayne Andre McMiniment's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc.#41) is hereby Denied.

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith allocate all sums received as restitution payments from Defendant, Wayne Andre McMiniment to the outstanding restitution balance due in case number 2:98-cr-00473-PMP.

DATED: March 12, 2007.

_____
PHILIP M. PRO
United States District Judge